UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALEX MCNEAL,

       Plaintiff,

v.

FOUNDATION RADIOLOGY GROUP, P.C.
and ANDREA MONTGOMERY
FRAZIER, as Personal Representative of
the Estate of ROBERT WALTER FRAZIER,
deceased

       Defendants.
_____/

Case No. 1:22-cv-10645

Honorable Thomas L. Ludington
United States District Judge

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

This is a medical-malpractice action removed from the Isabella County Circuit Court under diversity jurisdiction. ECF No. 1. Defendants removed the case after the Isabella County Circuit Court dismissed the nondiverse defendants. *Id.* at PageID.2–3.

Plaintiff has filed a motion to remand, arguing that Defendants could not remove the case because more than a year had passed since it was filed. ECF No. 5. Defendants respond that the one-year limitation does not apply here because Plaintiff kept the nondiverse defendants beyond the one-year mark in bad faith. ECF No. 8. Because Defendants have introduced unrebutted evidence that Plaintiff kept the nondiverse defendants in bad faith, Plaintiff's motion to remand will be denied.

**I.**

In August 2018, Plaintiff Alex McNeal injured his ankle jumping from the bed of a pickup truck. ECF No. 1-4 at PageID.31; ECF No. 8 at PageID.164. The next day, he went to MidMichigan Medical Center in Mount Pleasant, Michigan, for x-rays. ECF No. 1 at PageID.31.

The radiologist, Dr. Robert Walter Frazier, found "no evidence of acute bone or joint injury" and told Plaintiff to follow-up with his primary-care physician. *Id.* at PageID.31. According to later providers, that diagnosis was erroneous. *Id.* at PageID.33–34.

After six months of additional pain, swelling, and testing, doctors concluded that Plaintiff had suffered a fracture that should have been evident from the initial x-rays. *Id.* at PageID.31–34. Plaintiff has since undergone orthopedic surgery, but his surgeon is doubtful that his ankle will fully recover. *Id.* at PageID.34.

In December 2021, Plaintiff brought this action against MidMichigan Health, MidMichigan Medical Center–Gratiot (collectively, "MidMichigan"), Foundation Radiology Group, and Dr. Frazier. ECF No. 1-2. He alleges that Dr. Frazier negligently failed to detect the fracture, and that MidMichigan is vicariously liable as his principal. *Id.* at PageID.18–20. For jurisdictional purposes, MidMichigan is a citizen of Michigan, Dr. Frazier is a citizen of Maryland,[1] and his employer Foundation Radiology Group is a citizen of Pennsylvania. *See* ECF No. 1 at PageID.2–3.

In March 2022, the Isabella County Circuit Court entered a stipulated order dismissing MidMichigan with prejudice. ECF No. 1-7. Two weeks later, Defendants removed the case to this Court. ECF No. 1.

Plaintiff has filed a motion to remand. ECF No. 5. He explains that even though Defendants removed the case within 30 days of it becoming removable, as permitted by 28 U.S.C. § 1446(b)(3), their removal exceeds the one-year limitation provided in § 1446(c)(1). *Id.* at PageID.80–81. Defendants respond that an exception to the one-year limitation applies because

---

[1] Dr. Frazier passed away in July 2021. ECF No. 1-4 at PageID.30. Andrea Montgomery Frazier, as personal representative of his estate, has since been substituted on his behalf. *Id.*

- 2 -

Plaintiff maintained his vicarious-liability claim against MidMichigan merely "to prevent removal." ECF No. 8 at PageID.168 (quoting 28 U.S.C. § 1446(c)(1)). Plaintiff has not filed a reply brief.

Having reviewed the parties' briefing, this Court finds that a hearing is unnecessary and will proceed to decide Plaintiff's motions on the papers. *See* E.D. Mich. LR 7.1(f)(2).

## II.

Under 28 U.S.C. § 1441, defendants may remove "any civil action brought in state court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States . . . where such action is pending." 28 U.S.C. § 1441(a). To properly remove a case, a defendant generally must file a notice of removal within 30 days of receiving either (1) "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," or "if the case stated by the initial pleading is not removable," (2) "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(1), (3). A defendant may not, however, remove a case under diversity jurisdiction based on "an amended pleading, motion, order or other paper" "more than 1 year after commencement of the action, *unless* the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.* § 1446(c)(1) (emphasis added).

"A defendant seeking to remove a case to federal court has the burden of proving that the district court possesses jurisdiction." *Williamson v. Aetna Life Ins.*, 481 F.3d 369, 375 (6th Cir. 2007). Accordingly, defendants seeking to remove a case beyond the one-year mark "bear[] the burden of proving bad faith." *Keller Logistics Grp. v. Navistar, Inc.*, 391 F. Supp. 3d 774, 778 (N.D. Ohio 2019) (citing *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000)).

### III.

Plaintiff does not dispute the existence of diversity jurisdiction or that Defendants filed their notice of removal within 30 days of MidMichigan's dismissal. *See generally* ECF No. 5. Instead, he argues that Defendants could not remove the case because more than a year had passed since it was filed. *Id.* at PageID.81.

Defendants contend that the one-year limitation does not apply because Plaintiff maintained his vicarious-liability claim against MidMichigan in bad faith. *See* ECF No. 8 at PageID.170–72. As evidence, they note that MidMichigan "immediately and continuously put Plaintiff on notice that Dr. Frazier was not its agent," that "Plaintiff never took any discovery to help support his claim that Dr. Frazier was an actual or apparent agent of MidMichigan," and that Plaintiff "received no compensation for [MidMichigan's] dismissal." *Id.* at PageID.165–66, 172.

For purposes of the bad-faith exception, a defendant need not show that the plaintiff engaged in "malicious or unsavory conduct." *Keller*, 391 F. Supp. at 778 (quoting *Comer v. Schmitt*, No. 2:15-CV-2599, 2015 WL 5954589, at *2 (S.D. Ohio Oct. 14, 2015), *report and recommendation adopted*, No. 2:15-CV-2599, 2015 WL 7076634 (S.D. Ohio Nov. 13, 2015)). To be sure, the bad-faith exception may apply even if the plaintiff initially states a valid claim against the nondiverse defendant. *See id.* at 778–79 ("Stating a valid claim against the non-diverse defendant does not immunize the plaintiff from a finding of bad faith."). Rather, a defendant need only show that "the plaintiff engaged in intentional conduct to deny [him] the chance to remove the case to federal court."[2] *Id.* at 777 (quoting *Comer*, 2015 WL 5954589, at *2). Stated differently,

---

[2] There appears to be a split of authority regarding whether the bad-faith exception must be proven by clear-and-convincing or a preponderance of the evidence. *See Keller*, 391 F. Supp. 3d at 778 (discussing authority). This split need not be resolved here, however, because the unrebutted evidence discussed herein is clear and convincing.

if "a plaintiff joins and keeps a non-diverse defendant in a state-filed case, bad faith turns on whether the plaintiff's desire to remain in state court was 'the but-for cause' of keeping the non-diverse defendant in the case beyond the one-year mark." *Id.* at 778 (citing *Aguayo v. AMCO Ins.*, 59 F. Supp. 3d 1225, 1273 (D.N.M. 2014)).

The leading case on the bad-faith exception from this circuit is *Keller*. There, a group of trucking corporations sued a manufacturer and automotive dealer for selling them defective trucks. *Id.* at 776–77. Several years later, the state court dismissed the nondiverse dealer, and the manufacturer removed the case to federal court. *Id.* at 777. Despite the plaintiff's contention that their claims against the dealer were valid, the district court concluded that the plaintiffs had maintained those claims in bad faith. *Id.* at 778–79. Specifically, the district court emphasized (1) the lack of discovery from the dealer, including the lack of depositions of dealer employees; (2) the lack of explanation for the dealer's dismissal; and (3) a prelitigation statement from one of the plaintiffs that "his lawyer told him to name the Dealer as a defendant 'in order to keep the suit in Ohio instead of Federal Court.'" *Id.* at 779–80.

Although that last and particularly damaging piece of evidence is not present in this case, *Keller* is analogous and persuasive. As in *Keller*, Plaintiff took little discovery from MidMichigan, and the discovery that he did take focused almost exclusively on Dr. Frazier's conduct. *See* ECF No. 8 at PageID.171 (noting that "Plaintiff has taken no depositions"); ECF No. 8-2 at PageID.222–25 (requesting admissions regarding Dr. Frazier). Further, Plaintiff dismissed MidMichigan with no compensation and no explanation of what, if anything, had changed since the start of discovery. *See* ECF No. 8 at PageID.172; *cf. Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 293 (5th Cir. 2019) (affirming district court's finding of bad faith because plaintiff's counsel could not explain decision to dismiss nondiverse defendant after one-year period). Considered together,

these facts strongly suggest that Plaintiff maintained his vicarious-liability claim against MidMichigan to thwart removal. *See Keller*, 391 F. Supp. 3d at 779.

Given the strong circumstantial evidence in Defendants' favor and the lack of any rebuttal from Plaintiff,[3] Plaintiff's motion to remand will be denied.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff's Motion to Remand, ECF No. 5, is **DENIED**.

Dated: July 29, 2022                                    s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge

---

[3] As previously noted, Plaintiff did not file a reply brief or otherwise attempt to refute any of Defendants' statements.