UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALEX MCNEAL,

               Plaintiff,                            Case No. 1:22-cv-10645

v.                                                       Honorable Thomas L. Ludington
                                                            United States District Judge

FOUNDATION RADIOLOGY GROUP,
PC and ANDREA MONTGOMERY
FRAZIER, Personal Representative of the
Estate of ROBERT WALTER FRAZIER,

               Defendants.
_____/

**OPINION AND ORDER CANCELING MOTION HEARING, GRANTING
DEFENDANTS' PARTIAL MOTION FOR SUMMARY JUDGMENT, AND
DISMISSING WITH PREJUDICE PLAINTIFF'S ORDINARY-NEGLIGENCE CLAIMS**

After Plaintiff Alex McNeal hurt his ankle by jumping from a truck, he filed a medical-malpractice suit against Defendants for allegedly misdiagnosing his ankle injury and causing a five-month delay in proper treatment and the need for orthopedic surgery. He also alleges ordinary negligence, which Defendants contend should be dismissed because there is no question of fact that Plaintiff's claims sound in medical malpractice—not ordinary negligence.

Plaintiff does not oppose dismissal of his ordinary-negligence claims. But the Parties could not reach an agreement about whether the dismissal should be with prejudice. Accordingly, the narrow question presented is whether Plaintiff's ordinary-negligence claims should be dismissed with prejudice.

I.

In August 2018, Plaintiff Alex McNeal jumped out the bed of a pickup truck and injured his ankle. ECF Nos. 1-4 at PageID.31; 8 at PageID.164. The next day, he went to MidMichigan

Medical Center Mt. Pleasant for x-rays. ECF No. 1 at PageID.31. Dr. Robert Frazier, the radiologist there who reviewed the x-rays, found "no evidence of acute bone or joint injury" and told Plaintiff to follow up with his primary-care physician. *Id* at PageID.31.

But, after six months of additional pain and treatment, other doctors concluded that Plaintiff suffered a fracture that should have been evident from the x-rays, which MidMichigan took and Dr. Frazier reviewed. *Id.* at PageID.31–34. Plaintiff has since undergone orthopedic surgery on his ankle, but his surgeon doubts a full recovery. *Id.* at PageID.34.

In December 2020, Plaintiff sued MidMichigan Health and MidMichigan Medical Center–Gratiot ("MidMichigan"), Foundation Radiology, and Dr. Frazier in the Twenty-First Circuit Court of Isabella County, alleging medical malpractice and ordinary negligence. ECF No. 1-2. In October 2021, Defendants Foundation Radiology and Dr. Frazier filed a motion for partial summary disposition of any ordinary negligence claims, which the state court denied without prejudice to allow for further discovery. *McNeal v. MidMichigan Health*, No. 2020-0000016661-NH (Mich. 16th Cir. Ct. Isabella Cnty. Dec. 14, 2021). In March 2022, the state court approved a stipulated order dismissing MidMichigan with prejudice. ECF No. 1-7. Two weeks later, Frazier and Foundation Radiology removed the case here. ECF No. 1.

Now, after the completion of discovery, Defendants have filed a motion for partial summary judgment seeking dismissal of Plaintiff's ordinary-negligence claims, as they did in state circuit court in 2021. ECF No. 36. Defendants contend Plaintiff's ordinary-negligence claims should be dismissed because they arise solely from his physician–patient relationship with Dr. Frazier and "discovery has revealed no new fact or theory by which Plaintiff could characterize his claim as ordinary negligence." *Id.* at PageID.619. Unusually, Plaintiff responds that he does

not oppose the dismissal of the ordinary-negligence claims, so long as the dismissal is one without prejudice. ECF No. 39.

Having reviewed the Parties' briefing, this Court finds that a hearing is unnecessary and will address Defendant's Motion on the papers. *See* E.D. Mich. LR 7.1(f)(2).

**II.**

A motion for summary judgment should be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the initial burden of "identifying" the record evidence "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party who must set out specific facts showing "a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted). A genuine issue of fact requires more than "a mere scintilla of evidence," *id.* at 251, more than "some metaphysical doubt," *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The court must draw all reasonable inferences in the nonmovant's favor to determine "whether the evidence . . . is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52; *see also* Matthew N. Preston II, *The Tweet Test: Attributing Presidential Intent to Agency Action*, 10 BELMONT L. REV. 1, 18, 35–36 (2022) (explaining that courts may draw inferences "only if reasonable to do so").

**III.**

**A.**

In Michigan, a claim sounds in medical malpractice—not ordinary negligence—if it (1) arises in the course of a professional relationship and (2) necessarily raises questions involving medical judgment. *Bryant v. Oakpointe Villa Nursing Ctr.*, 684 N.W.2d 864, 871 (Mich. 2004).

Ordinary-negligence claims, on the other hand, raise issues within the common knowledge and experience of a lay person. *Id.* Defendant correctly contends that Plaintiff's claims satisfy the *Bryant* test. ECF No. 36 at PageID.616–17.

First, Plaintiff's claims arose in the course of a professional relationship: physician–patient. "A professional relationship exists if a person or an entity capable of committing medical malpractice was subject to a contractual duty to render professional health-care services to the plaintiff." *Kuznar v. Raksha Corp.*, 750 N.W.2d 121, 126 (Mich. 2008) (citing *Bryant*, 684 N.W.2d at 871). Physicians are capable of committing medical malpractice, *see id.* at 126 (first citing *Bryant*, 684 N.W.2d at 871; and then citing MICH. COMP. LAWS § 600.5838a(1)), and enter into a contractual physician–patient relationship by participating in the patient's diagnosis and treatment, *Kalogeridis v. Physician Healthcare Network, PC*, No. 357478, 2022 WL 17170371, at *4 (Mich. Ct. App. Nov. 22, 2022) (per curiam) (quoting *Oja v. Kin*, 581 N.W.2d 739, 743 (Mich. Ct. App. 1998)). Dr. Frazier and Foundation Radiology were capable of committing medical malpractice, treated Plaintiff in August 2018 by interpreting Plaintiff's x-rays, and diagnosing him with an ankle sprain. ECF No. 1-4 at PageID31. Therefore, his claims satisfy the first element of the *Bryant* test.

And Plaintiff's claims satisfy the second element. Whether Dr. Frazier "negligently and recklessly" misinterpreted x-rays and misdiagnosed Plaintiff's injury, ECF No. 1-4 at PageID.35, necessarily involves medical judgment "beyond the realm of common knowledge and experience," *see Bryant*, 684 N.W.2d at 871.

Notably, Plaintiff has not identified a single fact suggesting his claims did not arise during a physician-patient relationship or that his claims raise issues within the realm of common knowledge and experience such that they qualify as ordinary negligence. *See* ECF No. 39; *see also*

*Celotex Corp.*, 477 U.S. at 322 (holding that summary judgment is appropriate if the nonmoving party fails to establish a genuine issue of material fact on the elements of its case).

At bottom, Plaintiff claims that a radiologist breached the applicable standard of medical care by not properly interpreting his x-rays. *See* ECF No. 1-4 at PageID.36–37. Such allegations of subpar medical practice are unquestionably allegations of medical malpractice. *See Kalaj v. Khan*, 820 N.W.2d 223, 224 (Mich. Ct. App. 2012) (bringing medical malpractice claim against radiologist who allegedly misinterpreted x-ray); *Taylor v. Kent Radiology*, 780 N.W.2d 900, 914 (Mich. Ct. App. 2009) (per curiam) (same); *Stone v. Williamson*, No. 265048, 2007 WL 1135686, at *2 (Mich. Ct. App. Apr. 17, 2007) (per curiam) (same), *aff'd*, 753 N.W.2d 106 (2008).

As indicated, there is no question of fact that Plaintiff's claims sound in medical malpractice and that the facts do not support a claim of ordinary negligence. Therefore, Defendants' Motion will be granted, and Plaintiff's ordinary-negligence claims must be dismissed. *See Allen v. Aharauka*, No. 283890, 2009 WL 1221255, at *2 (Mich. Ct. App. May 5, 2009) (per curiam) (dismissing ordinary-negligence claim because "medical judgment beyond the realm of common knowledge and experience would ultimately serve a role in resolving" plaintiff's claims).

**B.**

Plaintiff's only argument here is that his ordinary-negligence claims should be dismissed without prejudice. Plaintiff highlights that "**_Defendants' Motion for Partial Summary Judgment does not request of this Court a Dismissal With Prejudice_**." ECF No. 39 at PageID.678.

But summary judgment "is a final adjudication on the merits" warranting prejudice, even if a party does not explicitly request dismissal *with prejudice*. *Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992); *accord Souss LLC v. Risk Placement Servs.*, No. 3:20-CV-00088, 2023 WL 171777, at *2 (W.D. Ky. Jan. 12, 2023) ("[G]ranting summary judgment requires prejudice."

(citing *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 194–95 (5th Cir. 2011))); *Beckerich v. St. Elizabeth Med. Ctr.*, No. 2:21-CV-00105, 2022 WL 325453, at *2 (E.D. Ky. Feb. 2, 2022) ("[I]t is well settled that an adjudication on the merits equates to a dismissal with prejudice." (citing *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1722 (2020))).

Having reviewed Plaintiff's claims on the merits and finding no question of fact that they all sound in medical practice but not ordinary negligence, *see discussion supra* Section III.A, Plaintiff's ordinary-negligence claims must be dismissed with prejudice.

## IV.

Accordingly, it is **ORDERED** that the Motion Hearing scheduled for May 2, 2023, at 4:00 PM EDT is **CANCELED**.

Further, it is **ORDERED** that Defendants' Motion for Partial Summary Judgment, ECF No. 36, is **GRANTED**.

Further, it is **ORDERED** that Plaintiff's ordinary-negligence claims, ECF No. 1-4 at PageID.35–36, are **DISMISSED WITH PREJUDICE**. All that remains are his medical-malpractice claims.

**This is not a final order and does not close the above-captioned case**.

Dated: April 20, 2023                                s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge